Adam B. Nach – 013622
Kristofer R. McDonald – 033239
**LANE & NACH, P.C.**
2001 East Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: kristofer.mcdonald@lane-nach.com

*Attorneys for David A. Birdsell, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PM & M ELECTRIC, INC. dba TITAN SOLAR POWER,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 2:24-bk-04978-MCW<br><br>**STIPULATED MOTION FOR: (1) JOINT ADMINISTRATION OF CASES; AND (2) TO ESTABLISH NOTICE AND SERVICE PROCEDURES** |

David A. Birdsell, chapter 7 trustee for the above captioned debtor, together with his fellow chapter 7 trustees, David M. Reaves, Anthony H. Mason (collectively referred to hereinafter as the "**Trustees**") have been appointed as fiduciaries in twenty-five (25) affiliated separately filed chapter 7 bankruptcy proceedings (the "**Cases**"). Each of the affiliated Cases share the same attorney of record, a common debtor representative and shared mailing address.

Based upon these factors and more as explained herein, David A. Birdsell, together with his fellow Trustees, hereby moves this Court by stipulation to (1) jointly administer these Cases, and (2) establish notice and service procedures to efficiently and effectively administer the twenty-six (26) separately filed affiliated Cases over which they have been appointed ("**Stipulated Motion**"). This Stipulation *Motion for: (1) Joint Administration of Cases; and (2) to Established Notice and Services Procedures* ("**Motion**") is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

**A.  BACKGROUND**

1. David A. Birdsell is the Chapter 7 trustee for the following fourteen (14) bankruptcy estates ("**Birdsell Estates**"):

- PM & M Electric, Inc. [Titan Solar Power]    2:24-bk-04978-MCW
- Titan Solar Power AZ, Inc.    2:24-bk-04979-DPC
- Titan Solar Power FL, Inc.    2:24-bk-05226-EPB
- Titan Solar Power ID, Inc.    2:24-bk-05228-BKM
- Titan Solar Power IL, Inc.    2:24-bk-05230-MCW
- Titan Solar Power LA, Inc.    2:24-bk-05231-PS
- Titan Solar Power MD, Inc.    2:24-bk-05233-DPC
- Titan Solar Power MO, Inc.    2:24-bk-05234-EPB
- Titan Solar Power MS, Inc.    2:24-bk-05235-DPC
- Titan Solar Power NC, Inc.    2:24-bk-05238-MCW
- Titan Solar Power NM, Inc.    2:24-bk-05240-BKM
- Titan Solar Power OH, Inc.    2:24-bk-05241-BKM
- Titan Solar Power TN, Inc.    2:24-bk-05245-EPB
- Titan Solar Power WI, Inc.    2:24-bk-05251-EPB

2. David M. Reaves is the Chapter 7 trustee for the following seven (7) bankruptcy estates ("**Reaves Estates**"):

- National SRSales, LLC    2:24-bk-05223-MCW
- Titan Solar Power CO, Inc.    2:24-bk-05225-DPC
- Titan Solar Power TX, Inc.    2:24-bk-05248-DPC
- Titan Solar Power UT, Inc.    2:24-bk-05249-PS
- Titan Solar Power VA, Inc.    2:24-bk-05250-BKM
- Titan Electrical Services, Inc.    2:24-bk-05253-MCW
- Titan SF, Inc.    2:24-bk-05254-BKM

3. Anthony H. Mason is the Chapter 7 trustee for the following four (4) bankruptcy estates ("**Mason Estates**"):

- Titan Solar Power CA, Inc.   2:24-bk-05224-DPC
- Titan Solar Power NJ, Inc.   2:24-bk-05239-EPB
- Titan Solar Power SC, Inc.   2:24-bk-05243-EPB
- Titan Solar Power GA, Inc.   2:24-bk-05227-MCW

4. The petition ("**Petition(s)**") initiating each of the foregoing chapter 7 bankruptcy proceedings was filed by Christopher H. Bayley with the law firm of Snell & Wilmer, LLP.

5. Each of those Petitions were signed by Mr. Kyle Beddome as either Owner or Manager of the given debtor entity ("**Debtor**").

6. The official mailing address of each foregoing Debtor is listed on the Petition as: **2222 E. Yeagar Dr., Suite 100**, **Chandler, AZ 85286.**

7. On each of the Petitions, the Debtors of the Birdsell Estates, Reaves Estates, and Mason Estates are listed as affiliates of each other.

8. It is currently understood by the Trustees that the above captioned Debtor, PM & M Electric, Inc. (*dba*, and commonly referred to as, Titan Solar Power), was the entity through which each respective Debtor's operating funds were collected, held and disbursed.

9. The Debtors share similar creditors, are listed as codebtors and guarantors on their statements and schedules, and in some instances appear to have duplicate claimants listed on their statements and schedules.

**B.    RELIEF FOR JOINT ADMINISTRATION**

This Stipulated Motion has been filed in the lowest numbered Case, with a copy sent to the Bankruptcy Judge in the other Cases. By this Stipulated Motion, the Trustees seek an order of the Court establishing the joint administration for procedural purposes of these affiliated Cases.

The joint administration of the Cases will prevent the imposition of unnecessary costs and the duplication of proceedings before the Court. It is appropriate and necessary to save the Court

time, attorney time, and attendant costs of multiple matters in each Case, that the Debtors' Cases be treated as a single Case solely for administrative purposes pursuant to Fed. R. Bankr. P. 1015(b).

The Trustees respectfully submit that the joint administration of these Cases is practical, expedient, and less costly for the Bankruptcy Estates, the Court, and parties-in-interest. The Trustees envision that most of the motions, applications, hearings, and orders in these Cases will affect each of the Debtors. As such, joint administration facilitates the economic administration of these Cases.

The Trustees propose to use the following modified caption to avoid confusion of creditors and parties-in-interest:

| In re: | Chapter 7 Proceedings |
|---|---|
| [TITAN SOLAR POWER] PM & M ELECTRIC, INC., | Case No. 2:24-bk-04978-MCW |
| Debtor. | (Jointly Administered) |
| THIS FILING APPLIES TO:<br><br>☐ All Debtors<br>☐ Specified Debtors: | |

Once jointly administered, the Trustees propose that all pleadings be filed in the lowest-numbered Case, with such filing specifically identifying the applicable Debtor(s) and Case number(s).

***ALL PROOFS OF CLAIM AND INTEREST MUST BE FILED IN THE CASE INVOLVING THE SPECIFIC ENTITY AGAINST WHICH THE CLAIMANT ASSERTS A CLAIM, AND IN WHICH THE CLAIMANTS HAVE PREVIOUSLY RECEIVED CLAIMS BAR DATE NOTICES.***

C. **MODIFIED NOTICE AND SERVICE PROCEDURES**

By this Stipulated Motion the Trustees also request that the Court enter an order substantially in the form attached hereto as Exhibit "A", establishing notice procedures and

designating those parties upon whom specified matters must be served. The Trustees propose that every pleading, notice, motion, or application, and the documents filed concurrently therewith be subject to the notice procedures described herein, unless otherwise ordered by the Court. Trustees further propose that the Court permit them to serve the appropriate parties through electronic mail addressed to counsel, as opposed to standard mail.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Code §§ 102 and 105(a), Bankruptcy Rules 2002 and 9007.

Section 102 provides that when the Bankruptcy Code allows relief "after notice and a hearing," such relief may be granted "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Section 105(a) grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutes or under equitable principles.

Bankruptcy Rule 2002 provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, the debtor, creditors, equity security holders, and other parties-in-interest. Bankruptcy Rule 2002(m) further provides, however, that the Court "may from time to time enter orders designating the matters with respect to which, the entity whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 9007 similarly provides "when notice is to be given under these rules, the court shall designate, if not otherwise specified herein … the form and manner in which the notice shall be given."

Trustees propose to limit service of all filings in this case to the creditors and interested parties set forth on the "**Official Service List**." Each Debtor shall maintain their own Official Service List. The Official Service List for each Debtor will contain the following parties in interest:

i. The Office of the United States Trustee;

ii. Counsel to secured lenders;

iii. Counsel to Debtors;

iv. Counsel to all Trustees;

v. Any party who files a request for notice;

vi. All creditors delineated on Schedules D through F;

vii. All parties who have timely filed proofs of claim; and

viii. Any other party that is added to the Official Service List upon written request to Trustees, or as ordered by the Court.

To avoid confusion, each Estate shall maintain their own Official Service List. Trustees propose that any creditor may be added to the Official Service List by filing with the court and serving on Trustees' counsel a "Notice of Appearance and Request for Service" or similar document. Trustees further propose that any such party, and any other party represented by counsel of record, may receive notice of filings ***only by email and only to the email address of their counsel as provided in their notice of appearance or other filing***, unless the Court orders otherwise. Counsel shall be responsible for forwarding notices to their client. Any creditor may be removed from the Official Service List by filing a "Notice of Removal" with the Court and serving it on Trustees' counsel.

In addition to service upon the Official Service List, all parties should be required to serve the following types of filings, for which particular notices are required by Bankruptcy Rules 2002(a)(2), (3), and (6), 4001, 6004, 6006, 6007, or 9019, in accordance with the notice procedures set forth below, unless otherwise authorized by the Court:

i. Except with respect to a sale of substantially all of a Debtor's assets, filings relating to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served upon each entity having an interest in the property [*see* Bankruptcy Rule 6004(a)].

ii. Filings relating to relief from, or otherwise related to, the automatic stay shall be served upon each entity having a lien or encumbrance on the affected property [*see* Bankruptcy Rule 4001(a)(1)].

iii. Filings relating to the use of cash collateral or obtaining credit shall be served upon each entity with an interest in the cash collateral or each entity with a lien or other interest in property upon which a lien is proposed to be granted, and any other entity the Court directs [*see* Bankruptcy Rule 4001(b)(1)].

iv. Filings relating to approval of a proposed compromise or settlement shall be served upon any entity that is a party to the compromise or settlement [*see* Bankruptcy Rule 9019(a)].

v. Filings relating to rights under Section 365 of the Bankruptcy Code shall be served upon each party to the executory contract(s) or expired lease(s) affected thereby [*see* Bankruptcy Rule 6006(c)].

Unless otherwise ordered by this Court, Trustees propose that the noticing procedures set forth above should not apply to notices of matters or proceedings described as follows:

i. Section 341 meetings [*see* Bankruptcy Rule 2002(a)(1)];
ii. Sale of substantially all of a Debtor's assets [*see* Bankruptcy Rule 6004];
iii. Conversion or dismissal of the case [*see* Bankruptcy Rule 2002(a)(4)];
iv. Certain matters relating to equity security holders [*see* Bankruptcy Rule 2002(d)];
v. Notice of objection deadlines to any of the above matters;
vi. Notice of deadline to file proofs of claim; and
vii. Any other matters as the Court may order.

These matters should be noticed as provided for in the relevant Bankruptcy Rule. Notice in a case should be tailored based on the "particular circumstances" of the case. 11 U.S.C. § 102(1)(A). The Court may enter orders necessary to effectuate the Bankruptcy Code. 11 U.S.C. § 105(a). Further, the Bankruptcy Rules should be "construed to secure the just, speedy, and inexpensive

determination of every case and proceed." Bankruptcy Rule 1001. Moreover, bankruptcy courts in Arizona have granted similar relief in the past. *See e.g.*, *In re Int'l Tech. Coatings, Inc.*, Case No. 15-14709-MCW (Bankr. D. Ariz. 2015) [Dkt. No. 64]; *In re Dolce Borgata, LLC*, Case. No. 2-14-bk-01939-BMW (Bankr. D. Ariz. 2014) [Dkt. No. 42]; *In re Gilbert Hosp.*, 2-14-bk-01451-MCM (Bankr. D. Ariz. 2014) [Dkt. No. 170].

The master mailing list in these Cases have several thousand individual addresses. Previous notices have cost in excess of $3,000.00, including postage, paper, and administrative time spent mailing each notice. Trustee Birdsell was quoted nearly $14,000.00 to notice a single three page notice of sale. Generating hundreds of thousands of dollars in postage and mailing costs does not benefit any Estate. This Motion is intended to reduce the costs of notices as much as possible, thus reducing the burden on the Bankruptcy Estates and the Clerk of Court's Office. The interests of the creditors are protected because they can easily file a Notice of Appearance and Request for Service. Notice given in accordance with the foregoing notice procedures should be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the District of Arizona.

The Trustee contemplate utilizing a noticing agent for larger mailing. The Trustee contemplate filing a separate pleading with the Court regarding the procedures for the noticing agent. The Trustees contemplate that pleadings will also be available to view online via noticing agent's website.

### D. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Trustees respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit "A"**:**

A. Authorizing Joint Administration of these Cases and use of Modified Caption;

B. Establishing the notice procedures set forth above; and

C. Granting such other and further relief as the Court deems just and proper under the circumstances.

**STIPULATED AS TO FORM AND CONTENT:**

| | |
|---|---|
| **David A Birdsell, Chapter 7 Trustee**<br>**On Behalf of the Birdsell Estates** | **David M. Reaves, Chapter 7 Trustee**<br>**On Behalf of the Reaves Estates** |

// Adam B. Nach - 013622
Adam B. Nach
LANE & NACH, P.C.
2001 E. Campbell Ave, Suite 103
Phoenix, AZ  85016

// Misty W. Weigle - 02722
Misty W. Weigle
Reaves Law Group, P.C.
7310 North 16th Street, Suite 227
Phoenix, AZ  852020

**Anthony H. Mason, Chapter 7 Trustee**
**On Behalf of the Mason Estates**

// Ryan W. Anderson - 020974
Ryan W. Anderson
Burch & Cracchiolo, P.A.
1850 N. Central Ave, Suite 1700
Phoenix, AZ  85004

Copy of the foregoing emailed or mailed on
August 26, 2024, to the following:

Christopher H. Bayley
Molly Kjartanson
cbayley@swlaw.com
mkjartanson@swlaw.com
Attorneys for all Debtors

Office of the U.S. Trustee
USTPRegion14.PX.ECF@usdoj.gov

*/s/ Aimee Bourassa*