UNITED STATES BANKRUPTCY COURT
**MINUTE ENTRY**

*Hearing Information*

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Madeleine C Wanslee |
| Case Number: | 2:24-bk-04978-MCW |
| Debtor(s): | PM & M ELECTRIC, INC. |
| Chapter: | 7 |
| Date and Time: | 05/12/2026 10:30 AM |
| Location(s): | PHX-702 |
| Courtroom Clerk: | Tayler Hall |
| Electronic Court Recording Operator: | Michelle Radicke-Stevenson |

*Matter(s)*

TRUSTEE'S NOTICE OF INTENT TO ABANDON PROPERTY AND ANY OBJECTIONS THERETO
R/M #:903

*Appearances*

DAVID M. REAVES, TRUSTEE
KEVIN KOBBE, ATTORNEY FOR SOLAREDGE TECHNOLOGIES, INC.
JAMES TONNISON, INTERESTED PARTY
JOANNA TONNISON, INTERESTED PARTY

*Proceedings*

Mr. Reaves states his position. He explains that SolarEdge has a perfected secured interest in the funds and that because SolarEdge will not be made whole through other recoveries, the funds have no value to the estate and belong to SolarEdge. He notes the control agreement is not a part of the record, but he is happy to file the document. He responds to the Court's questions and discusses that if the lien exceeds the value of the collateral, it becomes burdensome and inconsequential to the estate.

The Court expresses its concerns about the mechanism and expected a reference to the prior settlement. The Court clarifies that abandonment is not typically for the disposition of collateral and is to a Debtor.

Mr. Reaves states he can file a motion for turnover and attach the control agreement.

Mr. Kobbe argues that the funds in the Chase accounts are encumbered by SolarEdge's lien. He responds to the Court's questions and states he has no doubt that the Tonnison's system is not working the way they were represented to work.

Mr. Tonnison states his objection and argues that SolarEdge's claim should be reduced based on alleged misconduct, including defective equipment, failure to honor warranties, inadequate training, and harm to customers.

Ms. Tonnison agrees with Mr. Tonnison's arguments. She states her frustration on the record.

COURT: THE COURT ACKNOWLEDGES THE TONNISONS' FRUSTRATION BUT ADVISES THAT CLAIMS AGAINST SOLAREDGE AS A MANUFACTURER ARE SEPARATE CLAIMS

THAT CAN BE PURSUED OUTSIDE OF THIS COURT.

THE COURT FINDS THAT THE TRUSTEE HAS NOT ESTABLISHED THAT ABANDONMENT UNDER 11 U.S.C. § 554 IS APPROPRIATE. THE COURT STATES THAT CASH IS GENERALLY ADMINISTERED THROUGH THE ESTATE OR ADDRESSED UNDER APPLICABLE PRIORITY SCHEMES.

IT IS ORDERED DENYING THE TRUSTEE'S MOTION TO ABANDON PROPERTYWITHOUT PREJUDICE.